IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JEAN TILLOTSON,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA; FMR LLC; and THE FIDELITY GROUP EMPLOYEES DISABILITY INSURANCE PLAN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO TRANSFER CASE TO STATE COURT, DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION, AND DISMISSING CASE WITHOUT PREJUDICE<br><br><br><br>Case No. 1:10-CV-47 TS |

This matter is before the Court on Plaintiff's Motion to Transfer Case to State Court. In her Motion, Plaintiff requests this Court transfer this matter to state court, arguing that the Court lacks subject matter jurisdiction over her remaining claim. For the reasons discussed below, the Court will deny the Motion, but will decline to exercise supplemental jurisdiction over Plaintiff's remaining claim, and will dismiss this matter without prejudice.

## I. BACKGROUND

Plaintiff initially filed her Complaint in this Court on April 9, 2010. Plaintiff brought this action pursuant to ERISA and alleged jurisdiction thereunder. Plaintiff brought claims for recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B), breach of fiduciary duties, and failure to produce plan documents and statutory penalties. Plaintiff voluntarily withdrew her claim for breach of fiduciary duties and the Court has dismissed that claim.

This leaves Plaintiff's claims for recovery of plan benefits, failure to produce plan documents, and statutory penalties. Plaintiff's Complaint sought both short-term disability ("STD") benefits and long-term disability ("LTD") benefits. In her Motion to Transfer Case to State Court, Plaintiff states that her STD claim is exempt from ERISA. Therefore, Plaintiff argues, the Court lacks subject matter jurisdiction and this case should be transferred to state court.

Defendants do not dispute that Plaintiff's STD claim is exempt from ERISA, but point to Plaintiff's claims for LTD benefits and assessment of statutory penalties, which are both governed by ERISA. Therefore, Defendants argue, the Court has original jurisdiction over these claims and should exercise supplemental jurisdiction over Plaintiff's STD claim.

Plaintiff, in turn, has now voluntarily withdrawn her third cause of action for failure to produce plan documents and statutory penalties. In addition, Plaintiff has withdrawn her claim for LTD benefits. Therefore, Plaintiff's only remaining claim is for STD benefits, which is exempt from ERISA.

## II.  DISCUSSION

In this matter, the Court had original jurisdiction over those claims brought by Plaintiff under ERISA and could exercise supplemental jurisdiction over any additional related claims.[1] All of Plaintiff's ERISA-based claims have now either been withdrawn or dismissed, leaving only Plaintiff's claim for STD benefits, which is exempt from ERISA.  Now that the claims over which the Court had original jurisdiction have been dismissed, the Court may decline to exercise supplemental jurisdiction over Plaintiff's claim for STD benefits.[2]

Plaintiff requests that Court transfer that remaining claim to state court.  Plaintiff correctly points out that this matter was originally filed in this Court, not state court, and, therefore, cannot be remanded.  Additionally, 28 U.S.C. § 1631, which allows for transfers to cure a want of jurisdiction, only allows for transfer from one federal court to another.[3]  Rather, than transfer this matter to state court, the proper procedure is dismissal without prejudice.[4]  The Court will employ that procedure here and will dismiss Plaintiff's claim for STD benefits without prejudice.  Because the Court had original jurisdiction over this matter, the Court declines Plaintiff's request to have her filing fee applied to her state court case.

---

[1] 28 U.S.C. § 1367(a).

[2] *Id*. § 1367(c)(3).

[3] *Id*. §§ 610, 1631.

[4] *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.") (footnote omitted); *Gold v. Local 7 United Food & Commercial Workers Union*, 159 F.3d 1307, 1311 (10th Cir. 1998).

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Transfer Case to State Court (Docket No. 54) is DENIED. It is further

ORDERED that Plaintiff's Motion to Withdraw Claims (Docket No. 57) is GRANTED. It is further

ORDERED that the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claim and it is dismissed without prejudice.

The Clerk of the Court is directed to close this case forthwith.

DATED April 5, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge